## L. T. RAY v. THE STATE.

No. 14932. Delivered November 13, 1931.
Rehearing Denied December 16, 1931.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Upon a plea of guilty the appellant was convicted of burglary, and the jury declined to recommend that the sentence be suspended.

A reversal is sought upon the ground that the jurors were interrogated with reference to their attitude towards the law permitting the suspended sentence. Juror Liggett was asked whether or not he was prejudiced against the suspended sentence law, to which he replied that he was not. He was further asked if he was so opposed to the suspended sentence that he would not grant a suspended sentence in any case. The juror said he was not, and in answer to a question said he would listen to the testimony and duly consider the application for a suspended sentence and that he knew of no reason preventing his fairly passing upon the application of the appellant for a suspended sentence. Complaint is made that the argument and declarations of juror Liggett in discussing the question of a suspended sentence in the retirement of the jury were such as to show that his declaration of impartiality upon the subject of a suspended sentence was not in good faith. This seems to be based upon the proposition that in the course of the discussion, juror Liggett said that he would not give a suspended sentence to one who had committed burglary and entered a plea of guilty, especially when in making proof against him the state did not rely upon circumstantial evidence. This Liggett denied. At least, he said that he had no recollection of making such statement. From the testimony of Liggett and other jurors, it does not appear that such was his mental attitude. Such seems to have been the opinion of the trial judge in overruling the motion, and is a conclusion which we think is justified by the testimony before the court which, due to its length, it

is not practical to reproduce in this opinion. It may be added that the attitude of juror Liggett expressed from the record, as understood by the members of this court, is that there was in his mind no such prejudice against the law permitting a suspended sentence as would prevent him from giving due consideration to the facts and in a proper case to grant a suspended sentence. Nor is there aught in his voir dire declarations, as set forth in the record, contrary to his attitude as reflected by the testimony heard upon the motion for new trial. It is not shown that the jurors were advised before they were accepted that the accused would plead guilty or that Liggett knew that there would be a plea of guilty entered. The acceptance of a juror who states that he was not prejudiced against the suspended sentence and willing to listen to the evidence and apply the law in a proper case necessarily implies that each juror shall use his own judgment as to whether the case on trial is a proper one for according the suspended sentence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the light of appellant's motion we have again reviewed the testimony heard upon the motion for new trial. It appears that upon the first ballot nine jurors were in favor of conviction without a suspended sentence and only three favored suspending the sentence. The evidence further shows that those opposed to suspending the sentence and who are particularized in the motion for new trial, stated in the jury room instances in which they would favor suspended sentence. We reach the conclusion that no juror was shown to be prejudiced against it generally. It is pointed out that in view of an agreement shown in the bill of exception we were not justified in our original opinion in making the following statement: "It is not shown that the jurors were advised before they were accepted that the accused would plead guilty, or that Liggett knew that there would be a plea of guilty entered." The agreement referred to is quite general but it may be that it would be opposed to the statement objected to.

However, eliminating that, the opinion remains that the correct disposition of the case was made.

The motion for rehearing is overruled.

*Overruled.*